1  KELLY A. JOHNSON
   Acting Assistant Attorney General
2  Environment and Natural Resources Division
   U.S. Department Of Justice
3  ROBERT D. MULLANEY
   Trial Attorney
4  California State Bar No. 116441
   Environmental Enforcement Section
5  U.S. Department of Justice
   301 Howard Street, Suite 1050
6  San Francisco, CA 94105
   Tel: (415) 744-6491
7  Fax: (415) 744-6476
   E-mail: Robert.Mullaney@usdoj.gov
8
   DEBRA WONG YANG
9  United States Attorney
   Central District of California
10 LEON W. WEIDMAN
   Chief, Civil Division
11 MONICA L. MILLER
   Assistant United States Attorney
12 California State Bar No. 157695
   Federal Building, Suite 7516
13 300 North Los Angeles Street
   Los Angeles, CA 90012
14 Tel: (213) 894-4061
   Fax: (213) 894-7819
15 E-mail: Monica.Miller@usdoj.gov

16 Attorneys for Plaintiff United States of America

17 [Attorneys for Plaintiff California DTSC on next page]

18                  UNITED STATES DISTRICT COURT
19               CENTRAL DISTRICT OF CALIFORNIA
                        WESTERN DIVISION
20

21 UNITED STATES OF AMERICA          )
   and CALIFORNIA DEPARTMENT         )
22 OF TOXIC SUBSTANCES               )
   CONTROL,                          )
23                                   )
              Plaintiffs,            )   Case No. CV05-7519 GPS (AJWx)
24                                   )                CAS (RZx)
          v.                         )
25                                   )   CONSENT DECREE
   LOCKHEED MARTIN                   )
26 CORPORATION, MOBIL OIL            )
   CORPORATION, and THE              )
27 VALSPAR CORPORATION,              )
                                     )
28            Defendants.            )
   _____ )

ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT

DEC 1 2 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

LODGED
CLERK, U.S. DISTRICT COURT

OCT 2 6 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

Priority ____
Send     X   Pages 1-30
Enter    X
Closed
JS-5/JS-6  X
JS-2/JS-3
Scan Only ____

ENTERED
CLERK, U.S. DISTRICT COURT

DEC 1 3 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

1   BILL LOCKYER
    Attorney General of the State of California
2   THEODORA BERGER
    Senior Assistant Attorney General
3   DONALD A. ROBINSON
    Deputy Attorney General
4   ANN RUSHTON (Cal. Bar No. 62597)
    Deputy Attorney General
5   California Department of Justice
    300 South Spring Street
6   Los Angeles, California 90013
    Tel:  (213) 897-2608
7   Fax:  (213) 897-2802
    E-mail:  Ann.Rushton@doj.ca.gov
8   Attorneys for Plaintiff California
    Department of Toxic Substances Control

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I. BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV. DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

V. STATEMENT OF PURPOSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

VI. PAYMENTS BY SETTLING DEFENDANTS . . . . . . . . . . . . . . . . . . 6

VII. FAILURE TO COMPLY WITH CONSENT DECREE
     REQUIREMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

VIII. COVENANTS NOT TO SUE BY PLAINTIFFS . . . . . . . . . . . . . . . . 10

IX. RESERVATION OF RIGHTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

X. COVENANTS NOT TO SUE BY SETTLING DEFENDANTS . . . . . . . . . . 14

XI. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION . . . . . . . 16

XII. ACCESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

XIII. ACCESS TO INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

XIV. RETENTION OF RECORDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

XV. NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

XVI. EFFECTIVE DATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

XVII. RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . 23

XVIII. INTEGRATION/APPENDICES . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

XIX. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . . . . 23

XX. SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

XXI. FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

# I. BACKGROUND

A. The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), and the California Department of Toxic Substances Control ("DTSC") filed a joint complaint in this matter pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606, 9607, and Section 7003 of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6973, against Lockheed Martin Corporation, Mobil Oil Corporation, and The Valspar Corporation (jointly, "Settling Defendants").

B. The United States and DTSC in their complaint seek, inter alia: (1) reimbursement of costs incurred by EPA, the United States Department of Justice, and DTSC for response actions at the Baldwin Park Operable Unit (Area 2) of the San Gabriel Valley Superfund Sites, Areas 1-4, in Los Angeles County, California (the "BPOU Area"), together with accrued interest; (2) performance of studies and response work by the defendants at the BPOU Area consistent with the National Contingency Plan, 40 C.F.R. Part 300 (as amended) ("NCP"); and (3) penalties of not more than $27,500 for each day in which Settling Defendants, without sufficient cause, willfully violated, or failed or refused to comply with, EPA's June 30, 2000 Unilateral Administrative Order No. 2000-13 issued under Section 106 of CERCLA, 42 U.S.C. § 9606, and Section 7003 of RCRA, 42 U.S.C. § 6973 ("EPA's Order"), relating to the BPOU Area.

C. Each Settling Defendant that has entered into this Consent Decree does not admit, and specifically denies: (i) any liability to the Plaintiffs arising out of the transactions or occurrences alleged in the complaint; (ii) that the release or threatened release of hazardous substance(s) at or from the BPOU Area constitutes an imminent or substantial endangerment to the public health or welfare or the environment; and (iii) any liability for having willfully violated, or failed or

1   refused to comply with, EPA's Order relating to the BPOU Area.

2       D. The work required to implement the Record of Decision ("ROD") for

3   the BPOU Area, as supplemented by the Explanation of Significant Differences

4   ("ESD"), is being performed by other parties pursuant to EPA's Order (as

5   amended).

6       E. The United States, DTSC, and the Settling Defendants agree, and the

7   Court by entering this Consent Decree finds, that this Consent Decree has been

8   negotiated by the Parties in good faith, that settlement of this matter will avoid

9   prolonged and complicated litigation between the Parties, and that this Consent

10  Decree is fair, reasonable, and in the public interest.

11          NOW, THEREFORE, with the consent of the Parties to this Decree, it

12  is hereby ORDERED, ADJUDGED, AND DECREED:

13                          II. JURISDICTION

14      1.    This Court has jurisdiction over the subject matter of this action

15  pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 6973(a), 9606, 9607,

16  and 9613(b).  This Court also has personal jurisdiction over the Settling

17  Defendants.  Venue is proper in this District pursuant to 42 U.S.C. § 9613(b) and

18  28 U.S.C. § 1391(b) and (c).  The Settling Defendants consent to and shall not

19  challenge the terms of this Consent Decree or this Court's jurisdiction to enter and

20  enforce this Consent Decree.

21                          III. PARTIES BOUND

22      2.    This Consent Decree applies to and is binding upon the following

23  parties: the United States; DTSC; and each Settling Defendant and its respective

24  successors and assigns. Any change in ownership or corporate status of a Settling

25  Defendant including, but not limited to, any transfer of assets or real or personal

26  property, shall in no way alter such Settling Defendant's responsibilities under this

27  Consent Decree.  Each Settling Defendant's obligations under this Consent Decree

28  are independent of the other Settling Defendants' obligations, and each Settling

1   Defendant is entitled to the benefits of this Consent Decree in accordance with its

2   performance of its own obligations hereunder.

3                            IV. DEFINITIONS

4          3.      Unless otherwise expressly provided herein, terms used in this

5   Consent Decree which are defined in CERCLA, RCRA, or in regulations

6   promulgated under CERCLA or RCRA shall have the meaning assigned to them in

7   CERCLA or RCRA or in such regulations.  Whenever terms listed below are used

8   in this Consent Decree or in the appendices attached hereto and incorporated

9   hereunder, the following definitions shall apply:

10          "BPOU Area" shall mean the Baldwin Park Operable Unit (Area 2) of the

11   San Gabriel Valley Superfund Sites, Areas 1-4, in and near the cities of Azusa,

12   Irwindale, and Baldwin Park, in Los Angeles County, California, and depicted

13   generally on the map attached as Appendix A.

14          "CERCLA" shall mean the Comprehensive Environmental Response,

15   Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601 et seq.

16          "Certification of Completion" shall mean EPA's written determination that

17   the Remedial Action has been performed and that the performance standards have

18   been achieved.

19          "Consent Decree" or "Decree" shall mean this Decree and all appendices

20   attached hereto (listed in Section XVIII).  In the event of conflict between this

21   Decree and any appendix, this Decree shall control.

22          "Day" shall mean a calendar day unless expressly stated to be a working

23   day. "Working day" shall mean a day other than a Saturday, Sunday, or federal

24   holiday.  In computing any period of time under this Consent Decree, where the

25   last day would fall on a Saturday, Sunday, or federal holiday, the period shall run

26   until the close of business of the next working day.

27          "DOJ" shall mean the United States Department of Justice and any

28   successor departments, agencies, or instrumentalities of the United States.

1      "DTSC" shall mean the California Department of Toxic Substances Control
2   and any predecessor or successor departments or agencies of DTSC.

3      "DTSC Response Costs" shall mean: (i) all costs, including, but not limited
4   to, direct and indirect costs that DTSC has incurred at or in connection with the
5   BPOU Area prior to the entry of this Consent Decree, and (ii) all future costs
6   (including, but not limited to, direct and indirect costs) related to the
7   implementation or oversight of the Work, that DTSC will incur at or in connection
8   with the BPOU Area.

9      "EPA" shall mean the United States Environmental Protection Agency and
10  any successor departments, agencies, or instrumentalities of the United States.

11     "EPA Hazardous Substance Superfund" shall mean the Hazardous
12  Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

13     "Explanation of Significant Differences" or "ESD" shall mean the
14  Explanation of Significant Differences relating to the BPOU Area issued by EPA
15  in May 1999. The ESD is attached as Appendix C.

16     "Interest" shall mean interest at the rate specified for interest on investments
17  of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507,
18  compounded annually on October 1 of each year, in accordance with 42 U.S.C.
19  § 9607(a). The applicable rate of interest shall be the rate in effect at the time the
20  interest accrues. The rate of interest is subject to change on October 1 of each
21  year.

22     "Paragraph" shall mean a portion of this Consent Decree identified by an
23  Arabic numeral or an upper case letter.

24     "Parties" shall mean the United States, DTSC, and the Settling Defendants.
25     "Plaintiffs" shall mean the United States and DTSC.

26     "RCRA" shall mean the Solid Waste Disposal Act, as amended, 42 U.S.C.
27  § 6901 et seq. (also known as the Resource Conservation and Recovery Act).

28     "Record of Decision" or "ROD" shall mean the EPA Record of Decision

4

1 | and all attachments thereto relating to the interim remedy for the BPOU Area,

2 | which was signed by the delegate of the Regional Administrator, EPA Region 9,

3 | on March 31, 1994.  The ROD is attached as Appendix B.

4 | "Remedial Action" shall mean those activities, except for Operation and

5 | Maintenance, undertaken to implement the ROD, as supplemented by the ESD.

6 | "Response Costs" shall mean: (i) all past costs, including, but not limited to,

7 | direct and indirect costs, that the United States has incurred at or in connection

8 | with the BPOU Area prior to the entry of this Consent Decree, and (ii) all future

9 | costs (including, but not limited to, direct and indirect costs) related to the

10 | implementation or oversight of the Work, that the United States will incur at or in

11 | connection with the BPOU Area.

12 | "Section" shall mean a portion of this Consent Decree identified by a

13 | Roman numeral.

14 | "Settling Defendants" shall mean Lockheed Martin Corporation, Mobil Oil

15 | Corporation, and The Valspar Corporation.

16 | "Site" shall mean the San Gabriel Valley Superfund Sites, Areas 1-4, in Los

17 | Angeles County, California.

18 | "United States" shall mean the United States of America, including its

19 | departments, agencies, and instrumentalities.

20 | "Work" shall mean all activities required to be performed to implement the

21 | ROD, as supplemented by the ESD, or to oversee the implementation of the ROD,

22 | as supplemented by the ESD, at or in connection with the BPOU Area.

23 | V. STATEMENT OF PURPOSE

24 | 4.    By entering into this Consent Decree, the mutual objectives of the

25 | Parties, as more precisely described in the terms of this Consent Decree, are:

26 | a. To reach a settlement among the Parties with respect to the BPOU Area

27 | that allows the Settling Defendants to make a cash payment to resolve: (1) any

28 | claims for civil or administrative liability under Sections 106 and 107 of

1  CERCLA, 42 U.S.C. §§ 9607, 9607, and RCRA Section 7003, 42 U.S.C. § 6973,

2  for interim response actions and for response costs related to interim response

3  actions incurred and to be incurred at or in connection with the BPOU Area, and

4  (2) any claims for penalties under Section 106(b) of CERCLA, 42 U.S.C.

5  § 9606(b), for having willfully violated, or failed or refused to comply with,

6  EPA's Order relating to the BPOU Area, as provided in Section VIII (Covenants

7  Not to Sue by Plaintiffs) and Section IX (Reservation of Rights) of this Decree;

8          b. To resolve any claims of Settling Defendants that could have been

9  asserted against the United States and DTSC with regard to the BPOU Area as

10  provided in Section X (Covenants Not to Sue by Settling Defendants) of this

11  Decree;

12          c. To simplify the remaining administrative and judicial enforcement

13  activities concerning the BPOU Area by resolving the United States' and DTSC's

14  claims against the Settling Defendants for interim response actions and for

15  response costs related to interim response actions incurred and to be incurred at or

16  in connection with the BPOU Area, as provided in Section VIII (Covenants Not to

17  Sue by Plaintiffs) and Section IX (Reservation of Rights) of this Decree; and

18          d. To provide for contribution protection for the Settling Defendants, and

19  each of them, with respect to matters addressed in this Consent Decree pursuant to

20  Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2).

21                  VI.  PAYMENTS BY SETTLING DEFENDANTS

22          5.      Within 30 days of the effective date of this Consent Decree, Settling

23  Defendants shall pay to EPA $4,830,000 in the manner described in this Section.

24          6.      Payment shall be made by FedWire Electronic Funds Transfer

25  ("EFT") to the U.S. Department of Justice account in accordance with current EFT

26  procedures, referencing USAO File Number 2004V00064, the EPA Region and

27  Site Spill Number 0927, and DOJ Case Number 90-11-2-354/12.  Payment shall

28  be made in accordance with instructions provided to Settling Defendants by the

1   Financial Litigation Unit of the U.S. Attorney's Office in the Central District of
2   California following lodging of the Consent Decree.

3       7.      At the time of payment, Settling Defendants shall send a letter
4   confirming the date and reference number of their FedWire EFT to the United
5   States, EPA, and the Regional Financial Management Officer as provided in
6   Section XV (Notices and Submissions) of this Decree.

7       8.      Of the total amount to be paid pursuant to Paragraph 5 of this Consent
8   Decree, $1,100,000 shall be deposited in the EPA Hazardous Substance Superfund
9   and $3,730,000 shall be deposited in the Site 0927 San Gabriel Valley/Baldwin
10  Park Special Account within the EPA Hazardous Substance Superfund to be
11  retained and used to conduct or finance response actions at or in connection with
12  the BPOU Area, or to be transferred by EPA to the EPA Hazardous Substance
13  Superfund.

14      9.      Within 30 days of the effective date of this Consent Decree, Settling
15  Defendants shall pay to DTSC $111,977 in the form of a certified check or checks
16  made payable to Cashier, California Department of Toxic Substances Control, and
17  bearing on its face the docket number of this proceeding.

18      10.     Settling Defendants shall send their certified check or checks, along
19  with a transmittal letter referencing the Baldwin Park Operable Unit, San Gabriel
20  Valley Superfund Sites, Project Nos. 300133, 300345, 300349, and 300350, to:

21              Department of Toxic Substances Control
                Accounting/Cashier
22              1001 I Street, 4th Floor
                P.O. Box 806
23              Sacramento, CA 95812-0806

24      11.     Settling Defendants' payment to EPA and DTSC includes an amount
25  for:  (i) the Work; (ii) Response Costs and DTSC Response Costs incurred or to be
26  incurred at or in connection with the BPOU Area; (iii) a premium to cover the
27  risks and uncertainties associated with this settlement, including, but not limited
28  to, the risk that the total cost of the Work, Response Costs, and DTSC Response

1   Costs incurred or to be incurred at or in connection with the BPOU Area will
2   exceed the estimated total cost of the Work, Response Costs, and DTSC Response
3   Costs upon which Settling Defendants' payments are based; and (iv) Settling
4   Defendants' lack of participation after August 2000 in work done by other
5   potentially responsible parties under EPA's Order.

6   VII.  FAILURE TO COMPLY WITH CONSENT DECREE REQUIREMENTS

7          12.    Interest on Late Payments.  If Settling Defendants fail to make any
8   payment under Paragraphs 5 or 9 within 30 days of the effective date of this
9   Consent Decree, then Settling Defendants shall pay Interest on the unpaid balance,
10  commencing on the date that payment is due and accruing through the date of
11  payment.  Settling Defendants shall make all payments required by this Paragraph
12  in the manner described in Paragraphs 6, 7, and 10 unless otherwise directed in
13  writing by EPA or DTSC.

14         13.    Stipulated Penalty.

15         a.  In addition to the Interest required by Paragraph 12 (Interest on Late
16  Payments), if Settling Defendants fail to remit the payments to the United States
17  required by Paragraph 5 when due, then Settling Defendants also shall pay
18  stipulated penalties to the United States of $2,500 per day for each day that their
19  payment is late.

20         b.  Stipulated penalties are due and payable to the United States within 30
21  days of the date of the demand for payment of the penalties by the United States.
22  All payments to the United States under this Paragraph shall be identified as
23  "stipulated penalties" and shall be made by certified or cashier's check made
24  payable to "EPA Hazardous Substance Superfund."  The check, or a letter
25  accompanying the check, shall reference the name and address of the party making
26  payment, the Site name, EPA Region and Site Spill Number 0927, USAO File
27  Number 2004V00064, and DOJ Case Number 90-11-2-354/12, and shall be sent
28  to:  EPA - Cincinnati Accounting Operations, Attn:  Region 9 Receivables,

1  P.O. Box 371099M, Pittsburgh, PA 15251.

2      c. In addition to the Interest required by Paragraph 12 (Interest on Late

3  Payments), if Settling Defendants fail to remit the payment to DTSC required by

4  Paragraph 9 when due, then Settling Defendants also shall pay stipulated penalties

5  to DTSC of $500 per day for each day that the payment is late.

6      d. Stipulated penalties are due and payable to DTSC within 30 days of the

7  date of the demand for payment of the penalties by DTSC. All payments to DTSC

8  under this Paragraph shall be identified as "stipulated penalties" and shall be made

9  by certified or cashier's check made payable to "Cashier, California Department of

10  Toxic Substances Control." The check, or a letter accompanying the check, shall

11  reference the name and address of the party making payment and the Site name,

12  and shall be sent to:

13              Department of Toxic Substances Control
                Accounting/Cashier
14              1001 I Street, 4th Floor
                P.O. Box 806
15              Sacramento, CA 95812-0806

16      e. At the time of payment of any stipulated penalties to the United States,

17  Settling Defendants shall send copies of check(s), and any accompanying

18  transmittal letter(s), to the United States, EPA, and the Regional Financial

19  Management Officer as provided in Section XV (Notices and Submissions) of this

20  Consent Decree. At the time of payment of any stipulated penalties to DTSC,

21  Settling Defendants shall send copies of check(s), and any accompanying

22  transmittal letter(s) to DTSC as provided in Section XV (Notices and

23  Submissions).

24      f. Penalties shall accrue as provided in this Paragraph regardless of whether

25  EPA or DTSC has notified the Settling Defendants of the violation or made a

26  demand for payment, but need only be paid upon demand. All penalties shall

27  begin to accrue on the day after payment is due and shall continue to accrue

28  through the date of payment. Nothing herein shall prevent the simultaneous

1    accrual of separate penalties for separate violations of this Consent Decree.

2        14.    If the United States or DTSC brings an action to enforce this Consent

3    Decree, Settling Defendants shall reimburse the Plaintiff(s) bringing the action for

4    all costs of such action, including, but not limited to, costs of attorney time.

5        15.    Payments made under this Section shall be in addition to any other

6    remedies or sanctions available to Plaintiffs by virtue of Settling Defendants'

7    failure to comply with the requirements of this Consent Decree.

8        16.    The obligations of Settling Defendants to pay amounts owed the

9    United States and DTSC under this Consent Decree are joint and several.  In the

10    event of the failure of any one or more Settling Defendants to make the payments

11    required under this Consent Decree, the remaining Settling Defendants shall be

12    responsible for such payments.

13        17.    Notwithstanding any other provision of this Section, the United States

14    may, in its unreviewable discretion, waive payment of any portion of the stipulated

15    penalties that have accrued to the United States pursuant to this Consent Decree.

16    Notwithstanding any other provision of this Section, DTSC may, in its

17    unreviewable discretion, waive payment of any portion of the stipulated penalties

18    that have accrued to DTSC pursuant to this Consent Decree.  Payment of

19    stipulated penalties shall not excuse Settling Defendants from their payment

20    obligation as required by Section VI or from performance of any other

21    requirements of this Consent Decree.

22              VIII.  COVENANTS NOT TO SUE BY PLAINTIFFS

23        18.    In consideration of the payment that will be made by Settling

24    Defendants under the terms of this Consent Decree, and except as otherwise

25    specifically provided in Section IX (Reservation of Rights), the United States

26    covenants not to sue or to take administrative action against any Settling

27    Defendant pursuant to Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606,

28    9607, and Section 7003 of RCRA, 42 U.S.C. § 6973, for:  (1) performance of the

1 | Work, (2) recovery of Response Costs, and (3) penalties under Section 106(b) of

2 | CERCLA, 42 U.S.C. § 9606(b), for having willfully violated, or failed or refused

3 | to comply with, EPA's Order relating to the BPOU Area.  In consideration of the

4 | payment that will be made by Settling Defendants under the terms of this Consent

5 | Decree, and except as otherwise specifically provided in Section IX (Reservation

6 | of Rights), DTSC covenants not to sue or to take administrative action against any

7 | Settling Defendant pursuant to Section 106 and 107 of CERCLA, 42 U.S.C.

8 | §§ 9606, 9607, and Section 7003 of RCRA, 42 U.S.C. § 6973, for performance of

9 | the Work and for recovery of DTSC Response Costs.  These covenants not to sue

10 | shall take effect upon the receipt by EPA and DTSC of all payments required by

11 | Section VI (Payments by Settling Defendants) and any amount due under Section

12 | VII (Failure to Comply with Consent Decree Requirements).  These covenants not

13 | to sue accorded to each respective Settling Defendant are conditioned upon

14 | satisfactory performance by that Settling Defendant of its obligations under this

15 | Consent Decree.  These covenants not to sue extend only to the Settling

16 | Defendants and do not extend to any other person.

## IX.  RESERVATION OF RIGHTS

18 |     19.    Pre-certification Reservations.  The United States reserves, and this

19 | Consent Decree is without prejudice to, the right to institute proceedings in this

20 | action or in a new action, or to issue an administrative order seeking to compel

21 | Settling Defendants:  (1) to perform response actions relating to the BPOU Area or

22 | (2) to reimburse the United States for additional costs of response if, prior to

23 | Certification of Completion of the Remedial Action:

24 |     (i) conditions at the BPOU Area, previously unknown to EPA, are

25 | discovered, or

26 |     (ii) information, previously unknown to EPA, is received, in whole or in

27 | part, and EPA determines that these previously unknown conditions or

28 | information together with any other relevant information indicates that the

11

1   Remedial Action is not protective of human health or the environment. If EPA

2   makes such a determination, DTSC reserves, and this Consent Decree is without

3   prejudice to, the right to institute proceedings in this action or in a new action, or

4   to issue an administrative order seeking to compel Settling Defendants to

5   reimburse DTSC for additional costs of response.

6       20.   <u>Post-certification Reservations.</u>  The United States reserves, and this

7   Consent Decree is without prejudice to, the right to institute proceedings in this

8   action or in a new action, or to issue an administrative order seeking to compel

9   Settling Defendants:  (1) to perform response actions relating to the BPOU Area or

10  (2) to reimburse the United States for additional costs of response if, subsequent to

11  Certification of Completion of the Remedial Action:

12      (i) conditions at the BPOU Area, previously unknown to EPA, are

13  discovered, or

14      (ii) information, previously unknown to EPA, is received, in whole or in

15  part, and EPA determines that these previously unknown conditions or this

16  information together with other relevant information indicate that the Remedial

17  Action is not protective of human health or the environment.  If EPA makes such a

18  determination, DTSC reserves, and this Consent Decree is without prejudice to,

19  the right to institute proceedings in this action or in a new action, or to issue an

20  administrative order seeking to compel Settling Defendants to reimburse DTSC

21  for additional costs of response.

22      21.   For purposes of Paragraph 19, the information and the conditions

23  known to EPA shall include only that information and those conditions known to

24  EPA as of May 31, 1999, the date of the ESD supplementing the ROD, and set

25  forth in the ROD, the ESD, and the administrative record supporting the ROD and

26  the ESD.  For purposes of Paragraph 20, the information and the conditions known

27  to EPA shall include only that information and those conditions known to EPA as

28  of the date of Certification of Completion of the Remedial Action, and set forth in

1   the ROD, the ESD, the administrative record supporting the ROD and the ESD,

2   and the post-ROD administrative record.

3        22.   <u>General Reservation of Rights</u>.  The covenants not to sue set forth in

4   Paragraph 18 do not pertain to any matters other than those expressly specified

5   therein.  The United States and DTSC reserve, and this Consent Decree is without

6   prejudice to, all rights of the United States and DTSC against any Settling

7   Defendant with respect to all other matters including, but not limited to, the

8   following:

9        (1)  claims based on a failure by a Settling Defendant to meet a requirement

10  of this Consent Decree;

11       (2)  liability arising from the past, present, or future disposal, release, or

12  threat of release of hazardous substances, pollutants, contaminants, or solid wastes

13  outside of the BPOU Area;

14       (3)  liability based upon a Settling Defendant's transportation, treatment,

15  storage, or disposal, or the arrangement for the transportation, treatment, storage,

16  or disposal of hazardous substances, pollutants, contaminants, or solid wastes at or

17  in connection with the BPOU Area after signature of this Consent Decree by the

18  Settling Defendants;

19       (4)  liability for damages for injury to, destruction of, or loss of natural

20  resources, and for the costs of any natural resource damage assessments;

21       (5)  criminal liability;

22       (6)  liability for response costs and response actions at additional operable

23  units at the Site, or a final response action, including, but not limited to, the final

24  ROD for the BPOU Area;

25       (7)  liability for injunctive relief or administrative order enforcement under

26  Section 106 of CERCLA, 42 U.S.C. § 9606, for response actions that are not

27  within the BPOU Area; and

28       (8)  liability for costs incurred or to be incurred that are not within the

1  definition of Response Costs or DTSC Response Costs.

2      23.    Notwithstanding any other provision of this Consent Decree, the

3  United States and DTSC retain all authority and reserve all rights to take any and

4  all response actions authorized by law.

5      X.  COVENANTS NOT TO SUE BY SETTLING DEFENDANTS

6      24.    Subject to the reservation in Paragraph 24(f), each Settling Defendant

7  hereby covenants not to sue and agree not to assert any claims or causes of action

8  against the United States or DTSC, or their contractors or employees, with respect

9  to the BPOU Area or this Consent Decree, including, but not limited to:

10      a.  any direct or indirect claim for reimbursement from the Hazardous

11  Substance Superfund (established pursuant to the Internal Revenue Code, 26

12  U.S.C. § 9507) based on CERCLA Sections 106(b)(2), 107, 111, 112, or 113, 42

13  U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

14      b.  any claims arising out of response actions at or in connection with the

15  BPOU Area, including any claims under the United States Constitution, the

16  California Constitution, the Tucker Act, 42 U.S.C. § 1491, the Equal Access to

17  Justice Act, 28 U.S.C. § 2412, as amended, or at common law.

18      c.  any claims against the United States, including any department, agency,

19  or instrumentality of the United States, under CERCLA Sections 107 or 113

20  related to the BPOU Area;

21      d.  any claims against the State of California, including any department,

22  agency, or instrumentality of the State of California, under CERCLA Sections 107

23  or 113 related to the BPOU Area; or

24      e.  any claims against the United States or DTSC arising out of response

25  activities at the BPOU Area, including claims based on EPA's and DTSC's

26  selection of response actions, oversight of response activities or approval of plans

27  for such activities.

28      f.  Each Settling Defendant reserves, and this Consent Decree is without

prejudice to, claims against the United States under federal law for costs incurred at the BPOU Area based upon any contract with the United States regarding activities at each Settling Defendant's facility within the BPOU Area.

25.     Except as provided in Paragraph 27 (Waiver of Claims) and Paragraph 32 (Waiver of Claim-Splitting Defenses), these covenants not to sue shall not apply with respect to a particular Settling Defendant in the event the United States or DTSC brings a cause of action or issues an order against that Settling Defendant pursuant to the reservations set forth in Paragraph 22, but only to the extent that the Settling Defendant's claims arise from the same response action or response costs that the United States or DTSC is seeking against the Settling Defendant pursuant to the applicable reservation.

26.     Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

27.     Each Settling Defendant hereby agrees not to assert any CERCLA claims or causes of action that it may have for all matters relating to the BPOU Area, including for contribution, against any person other than that Settling Defendant's respective insurance carriers and potentially responsible parties who have received in the past or receive in the future special notice from EPA in connection with the BPOU Area and who are not signatories to this Consent Decree or another Consent Decree in connection with the BPOU Area, for damages or costs of any kind relating to response actions and costs incurred at the BPOU Area, including without limitation, claims under Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, common law claims of negligence, contribution, equitable indemnity and restitution, and claims under any other federal, state or local statutory or common law.  This waiver shall not apply with respect to any defense, claim, or cause of action that a Settling Defendant may have against any person if such person asserts a claim or cause of action relating to

1  the BPOU Area against such Settling Defendant.

2      XI. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

3      28.    Except as expressly provided in Paragraph 27, nothing in this

4  Consent Decree shall be construed to create any rights in, or grant any cause of

5  action to, any person not a Party to this Consent Decree. The preceding sentence

6  shall not be construed to waive or nullify any rights that any person not a signatory

7  to this Decree may have under applicable law. Except as provided in Paragraph

8  27, each of the Parties expressly reserves any and all rights (including, but not

9  limited to, any right to contribution), defenses, claims, demands, and causes of

10  action which each Party may have with respect to any matter, transaction, or

11  occurrence relating in any way to the Site against any person not a Party hereto.

12      29.    The Parties agree, and by entering this Consent Decree this Court

13  finds, that the Settling Defendants, and each of them, are entitled, as of the

14  effective date of this Consent Decree, to protection from contribution actions or

15  claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2), for

16  "matters addressed" in this Consent Decree. For purposes of this Paragraph,

17  "matters addressed" shall mean (a) the Work, (b) all response costs incurred prior

18  to the entry of this Consent Decree by the United States, DTSC, or any other

19  person at or in connection with the BPOU Area, and (c) all response costs related

20  to the implementation or oversight of the Work to be incurred after the entry of

21  this Consent Decree by the United States, DTSC, or any other person at or in

22  connection with the BPOU Area. The "matters addressed" in this Consent Decree

23  do not include those response costs or response actions as to which the United

24  States or DTSC has reserved its rights under this Consent Decree (except for

25  claims for failure to comply with this Decree), in the event that the United States

26  or DTSC asserts rights against Settling Defendants coming within the scope of

27  such reservations.

28      30.    Each Settling Defendant agrees that with respect to any suit or claim

16

1    for contribution brought by it for matters related to this Consent Decree, it will

2    notify the United States and DTSC in writing no later than 60 days prior to the

3    initiation of such suit or claim.

4        31.    Each Settling Defendant also agrees that with respect to any suit or

5    claim for contribution brought against it for matters related to this Consent Decree,

6    it will notify in writing the United States and DTSC within 10 days of service of

7    the complaint on it.  In addition, with respect to any such suit or claim, each

8    Settling Defendant shall notify the United States and DTSC within 10 days of

9    service on it or receipt by it of any Motion for Summary Judgment and within 10

10   days of receipt by it of any order from a court setting a case for trial.

11   .    32.    In any subsequent administrative or judicial proceeding initiated by

12   the United States or DTSC for injunctive relief, recovery of response costs, or

13   other relief relating to the Site, Settling Defendants shall not assert, and may not

14   maintain, any defense or claim based upon the principles of waiver, res judicata,

15   collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon

16   any contention that the claims raised by the United States or DTSC in the

17   subsequent proceeding were or should have been brought in the instant case;

18   provided, however, that nothing in this Paragraph affects the enforceability of the

19   covenants not to sue set forth in Section VIII (Covenants Not to Sue by Plaintiffs).

20                           XII.  ACCESS

21       33.    If any of the Settling Defendants own or control any property where

22   access is needed to implement response activities at the Site, then, commencing on

23   the date of lodging of the Consent Decree, such Settling Defendants shall provide

24   the United States, the State, and their representatives, including EPA and its

25   contractors, with access at all reasonable times to such property, for the purpose of

26   conducting any response activity related to the Site, including, but not limited to,

27   the following activities:

28       a.  Monitoring, investigation, removal, remedial or other activities at the

1   Site;

2        b.  Verifying any data or information submitted to the United States or the

3   State;

4        c.  Conducting investigations relating to contamination at or near the Site;

5        d.  Obtaining samples;

6        e.  Assessing the need for, planning, or implementing additional response

7   actions at or near the Site;

8        f.  Inspecting and copying records, operating logs, contracts, or other

9   documents maintained or generated by Settling Defendants or their agents,

10  consistent with Section XIII (Access to Information); and

11       g.  Assessing Settling Defendants' compliance with this Consent Decree.

12       34.  Notwithstanding any provision of this Consent Decree, the United

13  States and the State of California retain all of their access authorities and rights,

14  including enforcement authorities related thereto, under CERCLA, RCRA, and

15  any other applicable statute or regulations.

16                 XIII.  ACCESS TO INFORMATION

17       35.  Settling Defendants shall provide to EPA and DTSC, upon request,

18  copies of all documents and information within their possession or control or that

19  of their contractors or agents relating to activities at the Site or to the

20  implementation of this Consent Decree, including, but not limited to, sampling,

21  analysis, chain of custody records, manifests, trucking logs, receipts, reports,

22  sample traffic routing, correspondence, or other documents or information related

23  to the Site.

24       36.  Confidential Business Information and Privileged Documents.

25       a.  Settling Defendants may assert business confidentiality claims covering

26  part or all of the documents or information submitted to Plaintiffs under this

27  Consent Decree to the extent permitted by and in accordance with Section

28  104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b).

1 Documents or information determined to be confidential by EPA will be accorded

2 the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of

3 confidentiality accompanies documents or information when they are submitted to

4 EPA and DTSC, or if EPA has notified Settling Defendants that the documents or

5 information are not confidential under the standards of Section 104(e)(7) of

6 CERCLA, or 40 C.F.R. Part 2, Subpart B, the public may be given access to such

7 documents or information without further notice to Settling Defendants.

8      b.  The Settling Defendants may assert that certain documents, records and

9 other information are privileged under the attorney-client privilege or any other

10 privilege recognized by federal law. If the Settling Defendants assert such a

11 privilege in lieu of providing documents, they shall provide the Plaintiffs with the

12 following: (1) the title of the document, record, or information; (2) the date of the

13 document, record, or information; (3) the name, title, affiliation (e.g., company or

14 firm), and address of the author of the document, record, or information; (4) the

15 name and title of each addressee and recipient; (5) a description of the subject of

16 the document, record, or information; and (6) the privilege asserted by Settling

17 Defendants. However, no document, report or other information created or

18 generated pursuant to the requirements of the Consent Decree shall be withheld on

19 the grounds that it is privileged.

20      37.  No claim of confidentiality shall be made with respect to any data,

21 including, but not limited to, all sampling, analytical, monitoring, hydrogeologic,

22 scientific, chemical, or engineering data, or any other documents or information

23 evidencing conditions at or around the Site.

24                      XIV.  RETENTION OF RECORDS

25      38.  Until 10 years after the Settling Defendants' receipt of EPA's

26 notification, transmitted pursuant to Paragraph 41, of the issuance of EPA's

27 Certification of Completion of the Work, each Settling Defendant shall preserve

28 and retain all records and documents now in its possession or control, or which

come into its possession or control, that relate in any manner to response actions taken at the Site or liability of any person for response actions conducted and to be conducted at the Site, regardless of any corporate retention policy to the contrary.

39.     At the conclusion of this document retention period, each Settling Defendant shall notify the United States and DTSC at least 90 days prior to the destruction of any such records or documents, and, upon request by the United States or DTSC, that Settling Defendant shall deliver any such records or documents to EPA or DTSC.  The Settling Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If the Settling Defendants assert such a privilege, they shall provide the Plaintiffs with the following:  (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name, title, affiliation (e.g., company or firm), and address of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Settling Defendants.  However, no document, report or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that it is privileged.

40.     Each Settling Defendant hereby certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information relating to its potential liability regarding the Site since notification of potential liability by the United States or DTSC or the filing of suit against it regarding the BPOU Area, and that it has fully complied with any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e), 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

## XV. NOTICES AND SUBMISSIONS

41. Whenever, under the terms of this Consent Decree, written notice is required to be given or a report or other document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. All notices and submissions shall be considered effective upon receipt, unless otherwise provided. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DTSC, and the Settling Defendants, respectively.

As to the United States:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
Re: DJ # 90-11-2-354/12

and

Robert D. Mullaney
Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
301 Howard Street, Suite 1050
San Francisco, CA 94105

As to EPA:

Janet Magnuson, ORC-3
Assistant Regional Counsel
United States Environmental Protection Agency
75 Hawthorne Street
San Francisco, CA 94105

and

Wayne Praskins, SFD-7-3
EPA Project Coordinator
United States Environmental Protection Agency
75 Hawthorne Street
San Francisco, CA 94105

As to the Regional Financial Management Officer:

Joe Schmidt, PMD-5
United States Environmental Protection Agency
75 Hawthorne Street
San Francisco, CA 94105

As to DTSC:

Jacalyn Spiszman
DTSC Project Coordinator
Department of Toxic Substances Control
5796 Corporate Avenue
Cypress, CA 90630

and

Ann Rushton
Office of the Attorney General
300 South Spring Street, Suite 500
Los Angeles, CA 90013

As to Settling Defendant Lockheed Martin Corporation:

Ronald N. Helgerson
Director of Remediation
Lockheed Martin Corporation
6801 Rockledge Drive
Bethesda, MD 20817

As to Settling Defendant Mobil Oil Corporation:

Dan E. Burnham
Superfund Consultant
ExxonMobil Corporation
3225 Gallows Road, Rm 8B0607
Fairfax, VA 22037

As to Settling Defendant The Valspar Corporation:

Ronda P. Bayer, Esq.
Associate General Counsel
The Valspar Corporation
1101 South Third Street
Minneapolis, MN 55415

## XVI. EFFECTIVE DATE

42.     The effective date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court, except as otherwise provided herein.

# XVII. RETENTION OF JURISDICTION

43. This Court retains jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

# XVIII. INTEGRATION/APPENDICES

44. This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is the map of the BPOU Area;

"Appendix B" is a copy of the ROD; and

"Appendix C" is a copy of the ESD.

# XIX. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

45. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

46. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

# XX. SIGNATORIES/SERVICE

47. Each undersigned representative of a Settling Defendant to this Consent Decree, the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice, or his delegate,

and the Deputy Attorney General of the California Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

48.     Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States has notified the Settling Defendants in writing that it no longer supports entry of the Consent Decree.

49.     Each Settling Defendant shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons.

## XXI.  FINAL JUDGMENT

50.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the United States, DTSC, and the Settling Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

Dated: __12/12/05__

__Christina A. Snyder__
United States District Judge

24

1    THE UNDERSIGNED PARTIES enter into this Consent Decree in the

2  matter of United States and California Department of Toxic Substances Control v.

3  Lockheed Martin Corporation, Mobil Oil Corporation, and The Valspar

4  Corporation, relating to the BPOU Area.

5

6  FOR THE UNITED STATES OF AMERICA

7

8

9  Dated: 9/16/05          Kelly A Johnson

10                         Kelly A. Johnson
                           Acting Assistant Attorney General
11                         Environment and Natural Resources
                           Division
12                         U.S. Department of Justice
                           Washington, D.C.  20530
13

14

15

16  Dated: 10-25-05         Robert D Mullaney

17                         Robert D. Mullaney
                           Trial Attorney
18                         Environmental Enforcement Section
                           Environment and Natural Resources
19                         Division
                           U.S. Department of Justice
20                         301 Howard Street, Suite 1050
                           San Francisco, California 94105
21

22

23

24

25

26

27

28

25

1

2   Dated: _9/03/05_                    _____

3                                       Keith Takata
                                        Director, Superfund Division
4                                       Region IX
                                        U.S. Environmental Protection Agency
5                                       75 Hawthorne Street
                                        San Francisco, CA  94105
6

7

8   Dated: _9/23/05_                    _____

9                                       Janet Magnuson
                                        Assistant Regional Counsel
10                                      U.S. Environmental Protection Agency
                                        Region IX
11                                      San Francisco, CA  94105

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

26

1  FOR THE STATE OF CALIFORNIA DEPARTMENT OF TOXIC
   SUBSTANCES CONTROL

2

3  Dated: 8/26/05

4                              Thomas Cota
                               Chief, Site Mitigation and Brownfields
5                               Reuse Program
                               Department of Toxic Substances Control
6                              5796 Corporate Avenue
                               Cypress, California  90630
7

8

9  Dated: 10-5-05

10                             Ann Rushton
                               Deputy Attorney General
11                             California Department of Justice
                               300 South Spring Street, Suite 500
12                             Los Angeles, California 90013

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

27

1        THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of United States and State of California Department of Toxic Substances
2    Control v. Lockheed Martin Corporation, Mobil Oil Corporation, and The Valspar
Corporation, relating to the BPOU Area.

3

4    FOR LOCKHEED MARTIN CORPORATION

5

6

7    Dated: __7/19/04__                    _Kenneth H. Meashey_

8                                          Kenneth H. Meashey
                                           Vice President, CEESH
9                                          Lockheed Martin Corporation
                                           6801 Rockledge Drive
10                                         Bethesda, MD  20817

11

12   Agent Authorized to Accept Service on Behalf of Above-signed Party:

13                                         Thomas D. Blackman
                                           Director of Remediation
14                                         Lockheed Martin Corporation
                                           6801 Rockledge Drive
15                                         Bethesda, MD  20817
                                           (301) 214-9958
16

17

18

19

20

21

22

23

24

25

26

27

28

1    THE UNDERSIGNED PARTY enters into this Consent Decree in the
matter of United States and State of California Department of Toxic Substances
2  Control v. Lockheed Martin Corporation, Mobil Oil Corporation, and The Valspar
Corporation, relating to the BPOU Area.

3

4  FOR MOBIL OIL CORPORATION

5

6

7  Dated: _7 /21/04_     _Zane K. Bolen for T. M. Milton_

8                                T. M. Milton
                               Global Remediation, Manager,
9                                Major Projects
                               ExxonMobil Corporation
10                               3225 Gallows Road
                               Fairfax, VA  22037
11

12

13  Agent Authorized to Accept Service on Behalf of Above-signed Party:

14                               Dan E. Burnham
                               Superfund Consultant
15                               ExxonMobil Corporation
                               3225 Gallows Road, Rm 8B0607
16                               Fairfax, VA  22037
                               (703) 846-5298
17

18

19

20

21

22

23

24

25

26

27

28

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States and State of California Department of Toxic Substances Control v. Lockheed Martin Corporation, Mobil Oil Corporation, and The Valspar Corporation, relating to the BPOU Area.

FOR THE VALSPAR CORPORATION

Dated: _July 16, 2004_    _____

Rolf Engh, Esq.
Senior Vice President, General
Counsel, Secretary
The Valspar Corporation
1101 South Third Street
Minneapolis, MN  55415

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Ronda P. Bayer, Esq.
Associate General Counsel
The Valspar Corporation
1101 South Third Street
Minneapolis, MN  55415
(612) 375-7306

30



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**OFFICE OF THE CLERK**

# THE    EXHIBIT(S)    AND/OR ATTACHMENT(S)  TO THIS DOCUMENT ARE  AVAILABLE  IN  "THE RECORDS SECTION"  OF  THE   CLERK'S OFFICE.

Optical Scanning - October 23, 2001